IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 22-CR-1025-CJW |
| vs. | ) | |
| JAVON JONES, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING BRIEF**

I. **FACTS**

On July 6, 2022, defendant was driving a vehicle in Dubuque, Iowa, which smelled like marijuana. (PSR ¶ 13). This vehicle was used by defendant and his co-defendant to makes numerous trips to Dubuque to purchase firearms. (PSR ¶ 15).

On July 8, 2022, defendant was a passenger in the same vehicle in Dubuque, Iowa, which was stopped and again smelled like marijuana. (PSR ¶ 15). Inside the vehicle, officers located a small chunk of marijuana on the driver's seat; a rolled marijuana blunt in the center console; a marijuana blunt in a back seat cupholder; 11 prepackaged bags of marijuana in dispensary packaging on the backseat floorboard; a sandwich bag full of marijuana on the backseat floorboard; two unopened 50-round boxes of .45 ACP ammunition on the backseat floorboard; three handgun backstraps on the backseat floorboard; a magazine capable of accepting 15 rounds, loaded with 14 rounds, in the center console; and five firearms, four of

which were in cases and had been purchased by defendant's co-defendant earlier in the day. (PSR ¶ 16). The fifth firearm, previously purchased by the co-defendant, was located in the center console, sitting on top of a bag that contained 130 alprazolam pills, and contained a magazine loaded with five rounds and a round in the chamber. (PSR ¶ 16). Officers also located $2,819 in cash that belonged to defendant. (PSR ¶ 16). His co-defendant took ownership of the marijuana on the backseat floorboard. (PSR ¶ 17).

During his interview with the probation department, defendant denied drug use. In contrast, his mother stated that he began smoking marijuana when he was a teenager and continued smoking it until approximately age 22. (Government Exhibit 7). Defendant has a good relationship with his mother and talks to her and her husband daily. (PSR ¶ 86).

## II. ANALYSIS

### *The Court Should Impose a Special Condition Regarding Substance Abuse*

Section 3583(d) provides in pertinent part:

> The court may order, as a further condition of supervised release, to the extent that such condition—
>
> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D) . . .

"'In fashioning a special condition of supervised release, a court must make an individualized inquiry into the facts and circumstances underlying a case and

make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements.'" *United States v. Schaefer*, 675 F.3d 1122, 1124 (8th Cir. 2012) (quoting *United States v. Springston*, 650 F.3d 1153, 1156 (8th Cir. 2011), *vacated and remanded on other grounds*, 132 S. Ct. 1905 (2012)). "A special condition need not be related to all the factors; the factors are to be weighed independently." *Id.* (quoting *Springston*, 650 F.3d at 1155-56). "A court's 'findings may be based on any information other than materially false information.'" *Id.* (quoting *United States v. Mayo*, 642 F.3d 628, 631 (8th Cir. 2011) (per curiam)). "While this court encourages detailed findings, it is enough that the basis for the imposed condition can be discerned from the record." *Id.* (citing *United States v. Smith*, 655 F.3d 839, 845 (8th Cir. 2011), *vacated and remanded on other grounds*, 132 S. Ct. 2712 (2012), *reinstated in part*, 504 F. App'x 519 (8th Cir. 2012) (unpublished)). "However, a district court may not impose conditions '"on the basis of pure speculation or assumptions."' *Id.* (quoting *United States v. Fenner*, 600 F.3d 1014, 1027 (8th Cir. 2010), in turn quoting *United States v. Kreitinger*, 576 F.3d 500, 506 (8th Cir. 2009)).

      The condition defendant objections to is:

> The defendant must participate in a substance abuse evaluation. The defendant must complete any recommended treatment program, which may include a cognitive behavioral group, and follow the rules and regulations of the treatment program. The defendant must participate in a program of testing for substance abuse. The defendant must not attempt to obstruct or tamper with the testing methods.

(PSR ¶ 120).

3

Here, defendant was in a vehicle twice in a short period of time that smelled like marijuana.  When the vehicle was searched, marijuana and other controlled substances were recovered.  While he claims not to be a drug user, his mother disagrees.  There is support for an individualized finding by the Court that this condition is appropriate.

## III. CONCLUSION

The Court should impose the special condition as drafted.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By: */s/ Emily K. Nydle*

EMILY K. NYDLE
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, Iowa 52401
(319) 363-6333
(319) 363-1990 - Fax
Emily.Nydle@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY:  */s/ RAL*